UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CRAIG A. WHITNEY and AUBREE S. WHITNEY,<br><br>           Plaintiffs,<br><br>v.<br><br>CTX MORTGAGE COMPANY, LLC; et al.,<br><br>           Defendants. | 3:11-cv-0037-LRH-RAM<br><br><br>ORDER |

Before the court is defendant CTX Mortgage Company, LLC's ("CTX") motion to dismiss. Doc. #12.[1] Plaintiffs Craig and Aubree Whitney ("the Whitneys") filed an opposition (Doc. #16) to which CTX replied (Doc. #17).

**I.   Facts and Procedural History**

In November, 2006, the Whitneys refinanced real property through a mortgage note and deed of trust originated by CTX. Eventually, the Whitneys defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Whitneys filed a complaint against defendants alleging eleven causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations; (4) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) Nevada Unfair Lending Practices Act,

---

[1] Refers to the court's docket number.

NRS 598D.100; (6) breach of good faith and fair dealing; (7) NRS 107.080; (8) quiet title; (9) fraud through omission; (10) fraud in the inducement; and (11) unjust enrichment. Doc. #1, Exhibit 2. Thereafter, CTX filed the present motion to dismiss.[2] Doc. #12.

## II.    Legal Standard

Defendant CTX seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

---

[2] CTX is not a named defendant as to the Whitney's third cause of action for debt collection violations; fourth cause of action for violation of the Nevada Unfair and Deceptive Trade Practices Act; and seventh cause of action for violation of NRS 107.080. As such, CTX's motion and this order only address the remaining eight causes of action.

2

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.   Discussion**

    **A.  Nevada Unfair Lending Practices Act**

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). However, this suitability language was added in 2007 when the statute was amended. Although the Whitneys allege that CTX violated the present version of the statute, their loan originated in 2006 prior to the current amendment. Therefore, the Whitneys' loan cannot have violated the current statutory language requiring a determination that a borrower has the ability to repay the loan. Accordingly, the court shall grant CTX's motion as to this issue.

    **B.  Breach of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

3

unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, the Whitneys allege that CTX breached the implied covenants because it thwarted the legitimate purpose of the mortgage note. However, the Whitneys fail to allege how CTX breached its duty under the contract or how CTX was unfaithful to its obligations to provide the loan. Further, the Whitneys concede that they received the refinancing provided for in their contract. Therefore, based on the unsupported conclusory allegations in the complaint, the court finds that the Whitneys have failed to state a claim for breach of the implied covenants of good faith and fair dealing.

### C. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, CTX, who no longer owns the mortgage note at issue, has no interest in the property adverse to the Whitney's interest. Therefore, the Whitneys have no grounds to quiet title against CTX.

### D. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see also, Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, the Whitneys fail to allege anything more than CTX defrauded them during the loan process. There are no allegations of who failed to provide information or what information was not

4

1  provided. Further, the Whitneys fail to specifically allege the requisite "time, place, and specific
2  content of the false representation as well as the identities of the parties to the misrepresentations."
3  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that
4  the Whitneys' allegations are insufficient to support their claims for fraud.

5      **E.  Unjust Enrichment**

6      To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly
7  retained money or property of another against fundamental principles of equity. *See Asphalt Prods.*
8  *Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust
9  enrichment cannot stand when there is an express written contract which guides that activities of
10 the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187
11 (Nev. 1997).

12     Here, there was a written contract between the parties, namely, the deed of trust and
13 mortgage note. These documents guided the interactions, obligations, and rights of the parties. As
14 such, the Whitneys cannot make a claim in equity for actions that are controlled by a contract to
15 which they are parties. *See LeasePartners Corp.*, 942 P.2d at 187-88.

16     **F.  Injunctive and Declaratory Relief**

17     Claims for injunctive or declaratory relief are remedies that may be afforded to a party after
18 he has sufficiently established and proven his claims; they are not separate causes of action. *See*
19 *e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007)
20 (holding that a claim for injunctive relief was not a separate cause of action or independent ground
21 for relief). Here, the Whitneys' claims fail to establish any claim for relief. Accordingly, they are
22 not entitled to injunctive or declaratory relief.
23 ///
24 ///
25 ///
26

5

1   IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #12) is
2 GRANTED. Defendant CTX Mortgage Company, LLC is DISMISSED as a defendant in this
3 action.
4   IT IS SO ORDERED.
5   DATED this 12th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE