UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CRAIG A. WHITNEY and AUBREE S. WHITNEY,<br><br>        Plaintiffs,<br><br>v.<br><br>CTX MORTGAGE COMPANY, LLC; et al.,<br><br>        Defendants. | 3:11-cv-0037-LRH-RAM<br><br>ORDER |

Before the court are defendant JPMorgan Chase Bank, N.A.'s ("JPMorgan"), as successor by merger to defendant Chase Home Finance, LLC ("Chase"), motion for judgment on the pleadings (Doc. #68[1]) and motion to expunge lis pendens (Doc. #69) to which defendants LSI Title Agency, Inc. ("LSI"); First American Trustee Servicing Solutions, LLC ("FATSS"); and First American Title Insurance Company ("FATIC") joined (Doc. ##70, 72). Plaintiffs Craig and Aubree Whitney ("the Whitneys") filed oppositions (Doc. ##74, 75) to which JPMorgan replied (Doc. #76).

**I.      Facts and Procedural History**

In November, 2006, the Whitneys refinanced real property through a mortgage note and deed of trust originated by CTX. Eventually, the Whitneys defaulted on the mortgage note and

---

[1] Refers to the court's docket number.

defendants initiated non-judicial foreclosure proceedings.

On November 22, 2010, the Whitneys filed an initial complaint. Doc. #1, Exhibit 2. On August 16, 2011, the Whitneys filed an amended complaint alleging six causes of action: (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) NRS 107.080; (4) quite title; (5) slander of title; and (6) abuse of process. Doc. #23. Thereafter, JPMorgan filed the present motion for judgment on the pleadings. Doc. #68.

**II.     Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). In ruling on a motion for judgment on the pleadings, the court accepts as true all well-pleaded factual allegations by the nonmoving party and construes the facts in the light most favorable to that party. *Id.* Thus, when brought by a defendant, the same legal standard applies to a post-answer Rule 12(c) motion for judgment on the pleadings as applies to a pre-answer Rule 12(b)(6) motion to dismiss for failure to state claim upon which relief can be granted. *See Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(2)(B) (providing the defense of failure to state a claim may be raised by a motion under Rule 12(c)); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (holding that a post-answer Rule 12(b)(6) motion should be treated as a Rule 12(c) motion).

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading

that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

///

///

///

### III. Discussion

#### A. Debt Collection Violations

Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here, the Whitneys allege that defendants violated the FDCPA by initiating a non-judicial foreclosure without following the proper procedures for attempting to collect a debt.

It is well established that non-judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default). Therefore, the court finds that the Whitneys fail to state a claim for violation of the FDCPA, and thereby NRS § 649.

#### B. Nevada Unfair and Deceptive Trade Practices Act

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). The Whitneys allege that defendants violated the statute by recording the underlying notice of default without having a state business license. However, it is undisputed that JPMorgan took no action in recording the notice of default. Because JPMorgan took no action in causing the notice of default to be recorded, it cannot have violated the Nevada Unfair and Deceptive Trade Practices Act as a matter of law.

#### C. NRS 107.080

In their complaint, the Whitneys allege that defendants improperly foreclosed on their property because the promissory note was severed from the deed of trust and none of the defendants hold the original mortgage note. *See* Doc. #1, Exhibit A.

At the time of the foreclosure, Nevada law did not require the production of the original

4

note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Therefore, the Whitneys fail to allege a claim upon which relief can be granted.

### D. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, JPMorgan does not claim any interest in the property adverse to the Whitney's interest in the property. Therefore, the Whitneys have no grounds to quiet title against JPMorgan.

### E. Slander of Title

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging the Whitneys' title. First, the Whitneys concede that they were in default on their loan. Thus the notice of default does not make a false statement about the title to the property. Second, it is not false that the property was to be sold at a trustee's sale. Therefore, the court finds that the Whitneys have failed to state a claim for slander of title.

### F. Abuse of Process

To establish a claim for abuse of process a party must show that an opposing party (1) had an ulterior purpose for bringing a legal action other than resolving a legal dispute, and (2) used the legal process in a way that is not proper in the regular conduct of the proceeding. *Las Vegas Fetish and Fantasy Halloween Ball, Inc. v. Ahern Rentals*, 182 P.3d 764, 767 (Nev. 2008); *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F. Supp. 2d 973, 982 (D. Nev. 2009).

Here, the court finds that the Whitneys have failed to allege any facts demonstrating that defendants had an ulterior motive in initiating non-judicial foreclosure proceedings other than the

resolution of their default on the mortgage note. Further, the process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim. *See e.g., Smith v. Wachovia Mortgage Corp.*, 2009 WL 1948829, *5 (N.D. Cal. 2009). Therefore, the court finds that the Whitneys have failed to state a claim for abuse of process. Accordingly, the court shall grant JPMorgan's motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #68) is GRANTED. Defendants JPMorgan Chase Bank, N.A., as successor by merger to defendant Chase Home Finance, LLC; LSI Title Agency, Inc.; First American Trustee Servicing Solutions, LLC; and First American Title Insurance Company are DISMISSED as defendants in this action.

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (Doc. #69) is GRANTED. Defendant JPMorgan Chase Bank, N.A. shall have ten (10) days after entry of this order to prepare an appropriate order expunging the lis pendens and submit the same for signature.

IT IS SO ORDERED.

DATED this 30th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE